## J. M. GOFF v. INEZ COLE.

1. PARTITION. *Relief. Title of complainant.*

In partition proceedings, where complainant's title is denied, and the record shows that an ancestor, under whom she claims, once owned the land, but had conveyed it away, though there is ground for conjecture that it was re-acquired by the ancestor, if the evidence does not establish this, complainant must fail.

2. SAME. *Limitation. Adverse possession. Evidence.*

And, in such case, where it is claimed that the ancestor had title by limitation, based upon adverse possession, if the evidence of possession is in great part hearsay, and is so vague as to prevent its application to the land in question, relief will be denied. Without title, complainant cannot succeed. *Griffin* v. *Sheffield*, 38 Miss., 359, distinguished.

FROM the chancery court of Sunflower county.

HON. W. R. TRIGG, Chancellor.

Appellee, Inez Cole, filed the bill in this case August 3, 1891, for partition of a large tract of land in Sunflower county. This land had formerly been owned by B. F. Martin, the grandfather of complainant, who, in 1866, made a fraudulent transfer of it to his wife, E. J. Martin. Afterwards, in 1873, a portion of the land—347 acres—was conveyed by said E. J. Martin and her husband to other parties, as stated in the opinion of the court. It is in respect to said 347 acres that the real controversy in this case arises.

In 1890, after the death of his wife, B. F. Martin sold the remainder of the land to appellant, J. M. Goff. As the title was in E. J. Martin, then deceased, certain of her children and heirs who were of age, joined their father, B. F. Martin, in a quitclaim deed to Goff, with the understanding that they were to receive the purchase-money, and they afterwards recovered the same from B. F. Martin, or his estate. For a report of that case, see *Martin* v. *Tillman,* 70 Miss., 614. Appellee, Inez Cole, a granddaughter of E. J. Martin, being a minor, did not join in the quitclaim deed, but filed the bill in this case against J. M. Goff for partition of all the land, alleging that as an heir of E. J. Martin, she was the real owner of an undivided one-eighth interest, and that the defendant, Goff, owned seven-eighths. The bill further alleged that defendant, Goff, was in possession of, and claimed, the whole of said land under the deed from B. F. Martin, and that he denied that complainant had any title whatever. It further alleged that the claim of the defendant cast a cloud on complainant's title to an undivided one-eighth interest in the land, and that the defendant deprived complainant of the possession of her interest.

The bill prayed for the removal of the cloud from her title, and that partition should be made of the land.

The defendant, in his answer, denied the material allegations of the bill, except as to the fact of his possession of the land in controversy, and the heirship of complainant; denied complainant's title, and denied that she was a tenant in common with him. The answer further averred that B. F. Martin acquired the land in controversy in 1856, and continued to own it until 1890, when he conveyed it to defendant; that the arrangement under which the title was transferred to E. J. Martin was a scheme to defraud the creditors of B. F. Martin, and that E. J. Martin, being a party thereto, neither she nor her heirs could claim any benefit therefrom.

Testimony was taken at length, and a decree was entered in favor of complainant, establishing her title to an undivided

one-eighth interest in all of the land, including the 347 acres conveyed away by B. F. Martin, and for partition. From this decree, the defendant appealed.

The main contention of counsel for appellant is that com-.plainant had failed to show any title as to the 347 acres. Further, it was contended that the decision of this court in *Martin* v. *Tillman,* 70 Miss., 614, wherein it was held that E. J. Martin acquired the land under the fraudulent transfer from her husband, was erroneous. But, as the court makes no reference to that question, and treats it as settled, it is not deemed necessary to notice it at length, or to make any further statement.

The opinion contains such further statement of the case as is necessary, in order to understand the points decided.

*R. N. Miller,* for appellant.

All the questions involved in this case, except one, were, I suppose, settled by this court in the case of *Martin* v. *Tillman,* 70 Miss., 614. I assume that it will be useless to re-argue the matter settled by that decision. But the court will pardon me for saying, most respectfully, that the decision, in my opinion, stands alone and unsupported by authority in holding that an estoppel *in pais,* without a grant, can be invoked by one who has not been misled by such conduct, and who is a mere volunteer.

If that decision stands, then the only remaining question is, did the court err in decreeing partition of that part of the land to which the complainant showed no title. In a bill to remove clouds, complainant must show a perfect legal or equitable title in himself, and that there is invalidity in his adversary's title. *Boyd* v. *Thornton,* 13 Smed. & M., 338; 32 Miss., 268; 39 *Ib.,* 796; 44 *Ib.,* 654; 51 *Ib.,* 166; 52 *Ib.,* 824; *Dowd* v. *Railway Co.,* 68 *Ib.,* 159.

Defendant, who has not entered under a common claim of title, can defeat a partition suit by showing an outstanding title in a stranger to the suit. *Cooper* v. *Fox,* 67 Miss., 237.

Goff entered under B. F. Martin, and complainant is not a co-tenant of his in this 347 acres of land. *Black* v. *Washington*, 65 Miss., 60.

*J. S. Sexton*, for appellee.

The effort to show an outstanding title as to a part of the land is answered by the case of *Griffin* v. *Sheffield*, 38 Miss., 359, where it is held that a purchaser in fee from the husband of land belonging to the wife is, after the termination of the husband's life-estate, a tenant at sufferance of the wife, or of her heirs if she be dead. He cannot, therefore, without surrendering the possession thus acquired, purchase an outstanding title to defeat the right of the wife or her heirs. See also *Day* v. *Cochran*, 24 Miss., 261.

B. F. Martin could not have defeated the action brought by his wife's heirs by setting up an outstanding title with which he did not connect himself; neither can his vendee do this.

Furthermore, the evidence is clear that E. J. Martin during her life, and B. F. Martin, as tenant by the curtesy after her death, were in possession of the land all the time, and the title is perfected by limitation. Deeds were made in 1873. This possession inured to the benefit of complainant, as well as the other heirs of E. J. Martin.

Considering this case settled by the decision in *Martin* v. *Tillman*, it is unnecessary to make any further review of the questions presented by the record.

WOODS, J., delivered the opinion of the court.

The contention of the counsel for appellant is correct, and the decree of the court below is erroneous to the extent complained of. Inez Cole was not entitled to partition, on the state of facts disclosed in the record, of the 347 acres of land conveyed away to G. W. Joiner and Stephen Brown by George Watts, attorney in fact of Benjamin F. and Elizabeth J. Martin, in the year 1873. These lands are not shown by

any evidence before us to have ever been reconveyed to Elizabeth J. Martin, through whom appellee claims title. It is quite true, as counsel for appellee states in support of his position on this point, that the witness, Barry, does depose and say (referring to the lands generally in Sunflower county owned by the Martins): "He [Martin] sold it to a man named Burch. He afterwards took it back from Burch, and sold it two or three times and took it back. He never could make it stick." But this statement is not altogether accurate—that is to say, it is incorrect as to these 347 acres sold and conveyed by George Watts, the attorney in fact of B. F. and E. J. Martin. From the record, taken as a whole, there is ground for conjecture that these 347 acres were re-acquired, in some undisclosed way, by Elizabeth J. Martin; but there is no evidence on which to rest a well-grounded belief that such was the fact. So far as appears by this record, the title yet lodges where it was placed by George Watts, attorney in fact, in 1873.

Equally unsatisfactory is the effort to maintain the right to partition of these particular 347 acres by Inez Cole on the ground of notorious adverse possession, for more than ten years, in Elizabeth J. Martin and her heirs. The evidence as to possession is almost wholly the merest hearsay. And it is, moreover, so vague and indefinite as to forbid its application specifically to these lands whose title is disputed. The full extent and effect of the evidence is that Benjamin F. Martin said he was in possession of the Sunflower lands. What the nature and character of these 347 acres—whether wild or in cultivation, whether improved and inhabited or part of a wilderness—or what the nature and extent and character of the supposed possession, is not discoverable from the testimony taken in the case.

This is not a case where the defendant is seeking to defeat the action by showing an outstanding title in some third party. It is a case in which, as the proofs now stand, he seeks, and successfully, to show that the person demanding

partition of certain lands has no interest whatever in them. There was no estate in Elizabeth J. Martin remaining after the Watts conveyance in 1873, and it is vain to suppose a tenancy by curtesy in lands in which the wife had no estate. The cases of *Griffin* v. *Sheffield*, 38 Miss., 359, and *Day* v. *Cochran*, 24 *Ib.*, 261, are sound authorities for the position of appellee's counsel, but the questions involved in those cases are not involved here. We repeat, the controversy here is as to the title to 347 acres of land. Appellee seeks partition and derives title through her grandmother, Elizabeth J. Martin. The appellant denies that the appellee has any title whatever, and shows that Elizabeth J. Martin conveyed the lands twenty years ago, and never re-acquired title. The case is widely different from the case of *Martin* v. *Tillman*, 70 Miss., 614.

*Reversed and remanded.*